976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Malcolm STRATTON, Defendant-Appellant.
 No. 91-50676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Malcolm Stratton appeals his conviction, following a jury trial, for one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Stratton contends that the district court erred by denying his motion to suppress statements which he made to police officers. Specifically, Stratton argues that the statements were the product of an unlawful custodial interrogation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1504 (9th Cir.1988). The determination whether a defendant was subjected to custodial interrogation is a factual determination that must be made on a case-by-case basis. United States v. Crisco, 725 F.2d 1228, 1230 (9th Cir.), cert. denied, 466 U.S. 977 (1984).
 
 
 4
 Law enforcement officers must apprise an individual of his, or her, constitutional rights prior to subjecting the individual to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 477-79 (1966). Statements made by a suspect, obtained as a result of an unlawful custodial interrogation, cannot be used against the suspect. Id. The handcuffing of a suspect does not necessarily mean that the person is in custody; the test is whether a reasonable person in such circumstances would conclude that he, or she, would not be free to leave. United States v. Booth, 669 F.2d 1231, 1236 (1981). Custodial interrogation occurs when a suspect in custody is subjected to "either express questioning or its functional equivalent." Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980); accord, Shedelbower v. Estelle, 885 F.2d 570, 573 (9th Cir.1989), cert. denied, 111 S.Ct. 975 (1991). The term "functional equivalent" refers to words or actions which the law enforcement officers should know are reasonably likely to elicit an incriminating response from the suspect. Innis, 446 U.S. at 301.
 
 
 5
 Here, Los Angeles Police Officers Kelly Artz and Stanley Sokolis pursued a speeding vehicle in which Stratton was a passenger. Following a chase, the officers stopped the vehicle and ordered Stratton and the driver to exit the vehicle. Officer Artz handcuffed Stratton and placed him facing a wall with his back to the officer and the vehicle. Officer Artz then searched the inside of the vehicle and found a firearm. Upon finding the firearm, the officer made the following statement: "look what I found." Stratton, still facing the wall, immediately stated, "that's my gun; I took it away from my nephew." Stratton made the statement without being advised of his constitutional rights.
 
 
 6
 The statement made by officer Artz was not an express question directed at Stratton. See Innis, 446 U.S. at 302. Furthermore, the officers did not subject Stratton to the functional equivalent of express questioning because the statement was not reasonably likely to elicit the incriminating response from Stratton. See id.; Shedelbower, 885 F.2d 573-75. Accordingly, the district court properly denied Stratton's motion to suppress the statements. See Innis, 446 U.S. at 303-304; Miranda, 384 U.S. at 477-79.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3